No. 20,066.

Adam Martinez, an Alleged Juvenile Delinquent, etc., v. People of the State of Colorado, etc.

(372 P. [2d] 947)

Decided July 2, 1962.

Mr. D. E. Johnson, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. J. F. Brauer, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Day.

This writ of error is predicated upon alleged procedural and substantive errors in a matter before ⁺he Otero County Court in a delinquency proceeding. The plaintiff in error, Adam Martinez, was the subject of inquiry and was determined by the court to be a juvenile delinquent.

One of the points relied upon as error is confessed by the Attorney General. The second point urged by the plaintiff in error has merit and will be discussed. The other two points are without merit and will not be considered.

■ A serious procedural defect was noted in these proceedings. Pursuant to C.R.S. '53, 22-8-3, a printed form entitled "Citation to Parents or Guardian" signed by the Clerk of the County Court, was filed in said court on February 17, 1961. On the blanks in the printed form the names of the parents are typed in at appropriate places, together with a statement of the acts alleged constituting delinquency of the child. All portions of the remainder of the form are blank with the exception of the date of the citation. The citation, therefore, if served, contained no notification of the date of the hearing nor of the hour thereof. Adam avers his parents were not given notice of the citation. The citation itself would seem to verify this since no endorsement of service appears upon the return. C.R.S. '53, 22-8-3, directs among other things, that "* * * Such notice shall be served *as summons are now served by law in other cases,* * * *." (Emphasis supplied.) The citation, therefore, should have the return thereon, showing the date and manner of service, so that any reviewing court can ascertain if service was had, and if so, whether it was made according to law. We also note that C.R.S. '53, 22-8-1, provides, "* * * the parent, parents or guardian of such child, shall, in the manner provided for in sec-

tion 22-8-3, be required to show in such court if they are able to correct such child or remove the cause of delinquency." The printed form of the notice does not have such show cause order in it. Because there is no transcript of the trial, we have only the statement in the brief that the parents were not there. The citation, however, reveals they did not know of their right to make a showing as to whether they could correct the child or remove the cause of the delinquency, and that they had no notice of the date of trial.

The judgment of the court provided for imprisonment in the county jail for a period of six months. The section of the statute providing for "disposition of any child" is 1960 Perm. Supp. C.R.S. 22-8-1. Nowhere therein does it provide for imprisonment in the county jail. Incarceration, if any is to be decreed, is to be as provided therein. Also an amendment to 22-8-11 in chapter 88, C.L. 1961, specifically excepts the city or county jail as a detention facility upon sentencing. This error the Attorney General confesses.

The judgment of the court is reversed and the cause remanded with instructions to prepare a proper citation to the parents and to serve them before conducting another hearing thereon. It is further directed that after such hearing, disposition be made in accordance with 1960 Perm. Supp. C.R.S. '53, 22-8-11 as further amended by chapter 88, S.L. 1961.

MR. JUSTICE HALL and MR. JUSTICE MCWILLIAMS concur.